UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KRISTIN BALLATORE,

     Plaintiff,                            DEMAND FOR JURY TRIAL

 -vs-                              Case No. 20-12909
                                     Hon. Judith E. Levy

LAFONTAINE VOLKSWAGEN, INC.,
SANTANDER CONSUMER USA INC.,
COMMUNITY CHOICE CREDIT UNION,
ZEAL CREDIT UNION,
OUR CREDIT UNION,
MICHIGAN STATE UNIVERSITY FEDERAL CREDIT UNION,
GENISYS CREDIT UNION,
TOYOTA MOTOR CREDIT CORPORATION,
ALLY BANK,
BANK OF AMERICA, N.A.,
TD AUTO FINANCE LLC,
CITIZENS BANK,
CAPITAL ONE, NATIONAL ASSOCIATION, and
KEYBANK NATIONAL ASSOCIATION,

     Defendants.

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### Introduction

1.    Personal financial information may reveal the most private details of a

consumer's lifestyle or mode of living, and any improper use constitutes an

invasion of privacy of the consumer.  As the banking and credit industries have

1

developed systems and computer databases for legitimate, authorized and convenient access to this private, financial information, it has become, as a consequence, more convenient for people and companies with no legitimate reason to illegally invade a person's privacy by impermissible access to consumer credit histories.

2.  While there is a legal duty for users of private, financial information to access it only for legal reasons, the credit bureaus have a coinciding duty to make sure that widespread invasions of privacy do not occur by implementing specific procedures to prevent illegal, impermissible or capricious "credit pulls". The improper access of a person's credit report is a substantial invasion of privacy and the use of this credit information can lead to one of the most pernicious phenomena of the electronic age, credit or identity theft.

3.  At the heart of this lawsuit is the illegal use and access of Ms. Ballatore's credit report by the Defendants to this lawsuit and the impermissible access to this private information.

4.  The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* restricts access and use of credit reports. This statute provides an exhaustive list of the permissible purposes and prescribes criminal penalties as well as civil for the unlawful access and use of these reports.

2

5.    Users of this credit information are subject to the FCRA when they access

reports and are under the highest duty to prevent unauthorized access by their

agents as well as to prevent use of the information which is obtained illegally.

6.    The FCRA expressly provides consumers with a private cause of action against

the party illegally accessing the private information; for  violations of these

privacy provisions of  15 U.S.C. § 1681b, this impermissible access provision

is enforceable via 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, depending on

whether the violation is found to be wilful or merely negligent.

7.    Moreover, the Michigan Motor Vehicle Sales Finance Act ("MVSFA")

requires that in an automobile financing transaction, the retail installment sales

contract contain all agreements between the Buyer and Seller related to the

installment sale of the vehicle being sold. This is often referred to as the

"Single Document Rule." This means that if a dealership wishes to require that

all disputes between the Buyer and Dealership relating to the sale or financing

of the vehicle be arbitrated, then the actual arbitration agreement must be

contained in the retail installment sales contract itself. A separate arbitration

agreement, whether contained on a purchase order or other a separate

document, would not satisfy the requirement of the MVSFA and would not

only be unenforceable, it would be illegal.

3

8.    This matter also challenges the practice of the first-named Defendant auto-dealer of requiring consumers to sign an arbitration agreement in a document separate from the retail installment sales contract; this practice violates Michigan law and Plaintiff seeks injunctive and declaratory relief regarding this practice.

## JURISDICTION

9.    This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

10.   As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

11.   The Plaintiff to this lawsuit is Kristin Ballatore who resides in New Haven, Michigan in Macomb County.

12.   Kristin Ballatore is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

13.   The Defendants to this lawsuit are as follows:

a.  LaFontaine Volkswagen, Inc. ("LVI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

b.  Santander Consumer USA Inc. ("SCUSAI"), which is a corporation doing business in Michigan, and whose resident agent, The Corporation Company, maintains its office at 40600 Ann Arbor Rd E, Ste 201, Plymouth, MI 48170.

c.  COMMUNITY CHOICE CREDIT UNION ("CCCU") is a financial institution transacting business in the State of Michigan and which may be served at any of its branches.

d.  ZEAL CREDIT UNION ("ZCU") is a financial institution transacting business in the State of Michigan and which may be served at any of its branches.

e.  OUR CREDIT UNION ("OCU") is a financial institution transacting business in the State of Michigan and which may be served at any of its branches.

f.   MICHIGAN STATE UNIVERSITY FEDERAL CREDIT UNION ("MSUFCU") is a financial institution transacting business in the State of Michigan and which may be served at any of its branches.

g.   GENISYS CREDIT UNION ("GCU") is a financial institution transacting business in the State of Michigan and which may be served at any of its branches.

h.   TOYOTA MOTOR CREDIT CORPORATION ("TMCC") is a corporation transacting business in the State of Michigan and which may be served at its registered agent address.

i.   ALLY BANK ("ALLY") is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

j.   BANK OF AMERICA, N.A. ("BANA") is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

k.   TD AUTO FINANCE LLC ("TAFLLC") is a corporation transacting business in the State of Michigan and which may be served at its registered agent address.

l.   CITIZENS BANK ("CB") is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

m.   CAPITAL ONE, NATIONAL ASSOCIATION  ("CAPONE") is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

n.   KEYBANK NATIONAL ASSOCIATION ("KNA") is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

14.   At all relevant times LVI -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

15.   LVI is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

16. Under M.C.L. § 492.114a and pursuant to the express terms of the retail installment contract, SCUSAI is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Ms. Ballatore.

17. Each Defendant to this lawsuit is a "person" as that term is defined in the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681a.

## VENUE

18. The transactions and occurrences which give rise to this action occurred in Wayne County.

19. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

20. Less than 48 hours prior to June 3, 2020, Plaintiff was being treated at an in-patient mental health facility having experienced a mental health crisis.

21. Plaintiff had no contact, written, verbal, or otherwise, with LVI prior to June 3, 2020.

22. On June 2, 2020, each of the Defendants obtained the Plaintiff's consumer report without Plaintiff's consent and with a permissible purpose to do so.

23. On or about June 3, 2020, while she was still awaiting her prescription medications, she was lured to the Defendant LVI's place of business by an associate of one of the agents of LVI.

24. At no time relevant on June 3, 2020 was Plaintiff competent to enter into a contract.

25. At all times relevant, Plaintiff was on Social Security Disability and was in the middle of a crisis for that disability which necessarily prevented her from being aware of her circumstances and understanding what was going on.

26. At all times relevant, Plaintiff was unemployed, clearly not competent to enter into a contract, and unqualified for the credit extended to her by SCUSAI but for, upon information and belief, a fraudulent credit application submitted to SCUSAI by LVI.

27. Plaintiff was coerced by LVI and its agents to withdraw pay $9,000.00 from her savings and turn it over to LVI.

28. On or about June 3, 2020, Plaintiff purportedly executed a purchase and finance agreement known as a retail installment contract with LVI for a 2016 Land Rover Range Rover, VIN SALWR2VF8GA649700 ("the vehicle").

29. The retail installment contract is currently held by SCUSAI.

30. LVI provided no TILA disclosures to Plaintiff.

9

31.    The Plaintiff received no paperwork from the transaction.

32.    The Plaintiff did not take delivery of the vehicle, rather, the vehicle was delivered to a third-party.

33.    The TILA disclosures on the retail installment contract which the Plaintiff's SSD beneficiary later retrieved are inaccurate – they only show a $6,000.00 down payment; as such the Amount financed and the financed charge are false.

34.    LVI converted $3,000.00 of the Plaintiff's money.

35.    It also turns out that in the rush to defraud Ms. Ballatore, LVI falsely certified an odometer reading which amounts to a violation of the Michigan and federal odometer statutes.

36.    The retail installment contract in this matter contains a provision which states,

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

(Referred to herein-after as "the anti-holder clause")

37.    The anti-holder clause is a requirement of both federal law – 16 CFR § 433.2 – and Michigan law – MCL § 492.114a and must be in every retail installment sales contract.

38.   Michigan law also requires that every material term in a motor vehicle installment sales contract be contained in a single document, presumably the retail installment sales contract ("single document rule").  MCL §492.101 *et seq.*

39.   At the same time, LVI requires its consumers to sign a separate "arbitration provision" which is not part of the retail installment contract, which abrogates the rights of consumers to enforce claims against the seller and/or the holder, and contradicts the anti-holder clause.

40.   LVI's practice of requiring consumer's to sign a separate arbitration provision is illegal and in contravention of Michigan law and federal law; Plaintiff is entitle to a declaration by this Court that the practice is illegal and that the provision is void; she also seeks an injunction as to LVI's future use of the provision and enforcement of it in any existing transaction.

41.   Ms.   Ballatore properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring LVI to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

42.   LVI has refused to cancel the contract.

43.   The vehicle has been returned to LVI.

44.  Plaintiff has suffered damages as a result of the acts and omissions set forth herein.

## COUNT  I  -- Truth In Lending Act (LVI and SCUSAI)

45.  Ms. Ballatore incorporates the preceding allegations by reference.

46.  By failing to provide Ms. Ballatore  with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

47.  LVI failed to accurately disclose the applicable finance charge as required by 15  U.S.C. § 1638 and Reg Z § 226.18(d)

48.  LVI failed to accurately disclose and itemize the amount financed in violation of 15  U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

49.  As a consequence of failing to accurately state the actual finance charge, LVI also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

50.  LVI failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

51.  LVI was required to make the disclosures required by 16 U.S.C. § 1638 prior to failed to prior to consummating the sale of the vehicle.

52. Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

53. LVI failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

54. LVI is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640..

## COUNT  II  -- Federal Odometer Act (LVI and SCUSAI)

55. Ms. Ballatore incorporates the preceding allegations by reference.

56. By failing to provide Ms.  Ballatore  with a legal and conforming odometer disclosure at the time of sale, LVI has, with intent to defraud,  violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

57. The odometer statement presented to Ms.  Ballatore  did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Ms. Ballatore.

58. LVI failed to provide the required disclosure of mileage on the reassignment of title as required by 49 U.S.C. §§32701-32711 *et seq*.

## COUNT  III  -- Statutory Conversion (LVI and SCUSAI)

59.   Ms. Ballatore incorporates the preceding allegations by reference.

60.   LVI stole a portion of Plaintiff's down payment.

61.   These acts constitute a willful or intentional conversion under MCL 600.2919a

      entitling Ms. Ballatore to recover treble the value of the money converted.

## COUNT  IV  -- Common Law Conversion (LVI and SCUSAI)

62.   Ms. Ballatore incorporates the preceding allegations by reference.

63.   These actions constitute a conversion at common law, entitling Ms. Ballatore

       to recover the value of the money converted.

## COUNT  V  -- Michigan Odometer Act (LVI and SCUSAI)

64.   Ms. Ballatore incorporates the preceding allegations by reference.

65.   The odometer statement presented to Ms.  Ballatore  did not accurately reflect

      the odometer reading of the vehicle at the time the vehicle was sold to Ms.

      Ballatore .

66.   LVI knew or had reason to know of the inaccuracy of the odometer statement

      relating to the vehicle, which statement was presented to Ms.  Ballatore .

67.   LVI forged the signature of Ms.  Ballatore on the odometer disclosure required

      by M.C.L. §257.233a.

68. LVI failed to provide the required disclosure of mileage on the reassignment of title as required by M.C.L. §257.233a.

## COUNT VI -- Violation of Michigan Consumer Protection Act
## (LVI and SCUSAI)

69. Ms. Ballatore incorporates the preceding allegations by reference.

70. LVI is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

71. LVI has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a.    Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b.    Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

    c.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

d.      Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

e.      Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

f.      Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

g.      Representing that a part, replacement, or repair service is needed when it is not.

h.      Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i.      Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j.      Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k.      Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

16

l.   Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m.   Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n.   Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o.   Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p.   Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other

payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q.   Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r.   Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s.   Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

t.   Causing coercion and duress as the result of the time and nature of a sales presentation.

u.   Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

72.   Ms. Ballatore has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

73.   Ms. Ballatore suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT VII  -- Fraud  (LVI and SCUSAI)

74.   Ms. Ballatore incorporates the preceding allegations by reference.

75.   These actions descibed herein constitute fraudupon Ms. Ballatore by LVI.

76.   Ms. Ballatore has suffered damages as a result of this fraud.

77.   As a result of this fraud, Ms. Ballatore suffers continuing damages.

## COUNT VIII  — Motor Vehicle Sales Finance Act (LVI and SCUSAI)

78.   Ms. Ballatore incorporates the preceding allegations by reference.

79.    LVI failed to properly complete all necessary terms of the installment contract as required by M.C.L. §492.101 *et seq.*

80.   LVI failed to provide the Plaintiff with a true copy of the retail installment contract at any time in violation of the MVSFA.

81.   LVI violated the MVSFA by imposing its arbitration provision on her and seeking to enforce it when that provision was not a material term in the retail instalment sales contract.

82.  LVI violated the MVSFA by imposing its arbitration provision on her and seeking to enforce it when that provision abrogated and contravened the anti-holder provision in the retail instalment sales contract.

83.  Ms. Ballatore has suffered the damages set forth above by reason of the LVI's violations of the MVSFA in the amount of the finance charge imposed, that amount being $17,132.64.

84.  Ms. Ballatore is entitled to and seeks a declaration that LVI's arbitration provision is illegal and unenforceable.

85.  Ms. Ballatore is entitled to and seeks an injunction against LVI from using the arbitration provision in any transaction going forward and from enforcing it in any existing transaction.

## COUNT IX — Motor Vehicle Installment Sales Contract Act
## (LVI and SCUSAI)

86.  Ms. Ballatore incorporates the preceding allegations by reference.

87.  LVI failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

88.  Ms. Ballatore suffered damages in the amount of the finance charge imposed, that amount being $17,132.64.

89. LVI failed to provide the Plaintiff with a true copy of the retail installment contract at any time in violation of the MVISCA.

90. LVI violated the MVISCA by imposing its arbitration provision on her and seeking to enforce it when that provision was not a material term in the retail instalment sales contract.

91. LVI violated the MVISCA by imposing its arbitration provision on her and seeking to enforce it when that provision abrogated and contravened the anti-holder provision in the retail instalment sales contract.

92. Ms. Ballatore has suffered the damages set forth above by reason of the LVI's violations of the MVISCA in the amount of the finance charge imposed, that amount being $17,132.64.

93. Ms. Ballatore is entitled to and seeks a declaration that LVI's arbitration provision is illegal and unenforceable.

94. Ms. Ballatore is entitled to and seeks an injunction against LVI from using the arbitration provision in any transaction going forward and from enforcing it in any existing transaction.

### COUNT X — Motor Vehicle Code Violations (LVI and SCUSAI)

95. Ms. Ballatore incorporates the preceding allegations by reference.

96.   LVI failed to apply for title within 15 days of delivering the vehicle to Ms.
      Ballatore as required by M.C.L. §257.235.

97.   LVI's failure to effectively transfer title constituted a violation of M.C.L.
      §257.235.

98.   Ms. Ballatore may void the contract of sale as a result LVI's violation of the
      Motor Vehicle Code.

### COUNT  XI  – Violations of the Fair Credit Reporting Act (LVI)

99.   Plaintiff reiterates and incorporates the allegations contained in all preceding
      paragraphs as if fully set out herein.

100.  LVI obtained and used the Plaintiff's consumer report without a permissible
      purpose to do so.

101.  As a prerequisite to obtaining Plaintiff's consumer report, LVI was required to
      certify to the credit reporting agency from which the report was obtained – that
      LVI had a permissible purpose under the FCRA for accessing and using the
      consumer report.

102.  LVI did not have a permissible purpose for the access and use of the report as
      set forth in 15 U.S.C. § 1681b.

103.  LVI violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the
      consumer reports of the Plaintiff.

104.  LVI violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

105.  LVI knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

106.  LVI wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

107.  LVI, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

108.  The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

109.  As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

110.  The Defendant is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

### COUNT  XII  – Violations of the Fair Credit Reporting Act (SCUSAI)

111.  Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

112. SCUSAI obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

113. As a prerequisite to obtaining Plaintiff's consumer report, SCUSAI was required to certify to the credit reporting agency from which the report was obtained – that SCUSAI had a permissible purpose under the FCRA for accessing and using the consumer report.

114. SCUSAI did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

115. SCUSAI violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

116. SCUSAI violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

117. SCUSAI knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

118. SCUSAI wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

119. SCUSAI, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

120. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

121. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

122. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

## COUNT XIII – Violations of the Fair Credit Reporting Act (CCCU)

123. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

124. CCCU obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

125. As a prerequisite to obtaining Plaintiff's consumer report, CCCU was required to certify to the credit reporting agency from which the report was obtained – that CCCU had a permissible purpose under the FCRA for accessing and using the consumer report.

126. CCCU did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

127.  CCCU violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

128.  CCCU violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

129.  CCCU knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

130.  CCCU wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

131.  CCCU, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

132.  The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

133.  As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

134.  The Defendant is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

## <u>COUNT  XIV  –  Violations of the Fair Credit Reporting Act (ZCU)</u>

135. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

136. ZCU obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

137. As a prerequisite to obtaining Plaintiff's consumer report, ZCU was required to certify to the credit reporting agency from which the report was obtained – that ZCU had a permissible purpose under the FCRA for accessing and using the consumer report.

138. ZCU did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

139. ZCU violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

140. ZCU violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

141. ZCU knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

142. ZCU wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

27

143.   ZCU, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

144.   The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

145.   As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

146.   The Defendant is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

### COUNT  XV  – Violations of the Fair Credit Reporting Act (OCU)

147.   Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

148.   OCU obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

149.   As a prerequisite to obtaining Plaintiff's consumer report, OCU was required to certify to the credit reporting agency from which the report was obtained – that OCU had a permissible purpose under the FCRA for accessing and using the consumer report.

150.    OCU did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

151.    OCU violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

152.    OCU violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

153.    OCU knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

154.    OCU wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

155.    OCU, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

156.    The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

157.    As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

29

158.   The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

## COUNT XVI – Violations of the Fair Credit Reporting Act (MSUFCU)

159.   Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

160.   MSUFCU obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

161.   As a prerequisite to obtaining Plaintiff's consumer report, MSUFCU was required to certify to the credit reporting agency from which the report was obtained – that MSUFCU had a permissible purpose under the FCRA for accessing and using the consumer report.

162.   MSUFCU did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

163.   MSUFCU violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

164.   MSUFCU violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

165.  MSUFCU knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

166.  MSUFCU wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

167.  MSUFCU, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

168.  The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

169.  As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

170.  The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

### COUNT  XVII  – Violations of the Fair Credit Reporting Act (GCU)

171.  Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

172.  GCU obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

31

173.  As a prerequisite to obtaining Plaintiff's consumer report, GCU was required to certify to the credit reporting agency from which the report was obtained – that GCU had a permissible purpose under the FCRA for accessing and using the consumer report.

174.  GCU did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

175.  GCU violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

176.  GCU violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

177.  GCU knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

178.  GCU wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

179.  GCU, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

180.  The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

181.   As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

182.   The Defendant is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

## COUNT  XVIII  – Violations of the Fair Credit Reporting Act (TMCC)

183.   Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

184.   TMCC obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

185.   As a prerequisite to obtaining Plaintiff's consumer report, TMCC was required to certify to the credit reporting agency from which the report was obtained – that TMCC had a permissible purpose under the FCRA for accessing and using the consumer report.

186.   TMCC did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

187.   TMCC violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

33

188. TMCC violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

189. TMCC knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

190. TMCC wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

191. TMCC, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

192. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

193. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

194. The Defendant is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

## COUNT  XIX  – Violations of the Fair Credit Reporting Act (ALLY)

195.   Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

196.   ALLY obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

197.   As a prerequisite to obtaining Plaintiff's consumer report, ALLY was required to certify to the credit reporting agency from which the report was obtained – that ALLY had a permissible purpose under the FCRA for accessing and using the consumer report.

198.   ALLY did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

199.   ALLY violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

200.   ALLY violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

201.   ALLY knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

202.   ALLY wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

203.   ALLY, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

204.   The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

205.   As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,   Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

206.   The Defendant is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT  XX – Violations of the Fair Credit Reporting Act (BANA)**

207.   Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

208.   BANA obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

209.   As a prerequisite to obtaining Plaintiff's consumer report, BANA was required to certify to the credit reporting agency from which the report was obtained – that BANA had a permissible purpose under the FCRA for accessing and using the consumer report.

36

210.   BANA did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

211.   BANA violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

212.   BANA violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

213.   BANA knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

214.   BANA wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

215.   BANA, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

216.   The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

217.   As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

218. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

## COUNT XXI – Violations of the Fair Credit Reporting Act (TDAFLLC)

219. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

220. TDAFLLC obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

221. As a prerequisite to obtaining Plaintiff's consumer report, TDAFLLC was required to certify to the credit reporting agency from which the report was obtained – that TDAFLLC had a permissible purpose under the FCRA for accessing and using the consumer report.

222. TDAFLLC did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

223. TDAFLLC violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

224. TDAFLLC violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

225. TDAFLLC knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

226. TDAFLLC wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

227. TDAFLLC, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

228. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

229. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

230. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

### COUNT  XXII – Violations of the Fair Credit Reporting Act (CB)

231. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

232. CB obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

233. As a prerequisite to obtaining Plaintiff's consumer report, CB was required to certify to the credit reporting agency from which the report was obtained – that CB had a permissible purpose under the FCRA for accessing and using the consumer report.

234. CB did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

235. CB violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

236. CB violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

237. CB knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

238. CB wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

239. CB, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

240. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

241. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

242. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT  XXIII  – Violations of the Fair Credit Reporting Act (CAPONE)**

243. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

244. CAPONE obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

245. As a prerequisite to obtaining Plaintiff's consumer report, CAPONE was required to certify to the credit reporting agency from which the report was obtained – that CAPONE had a permissible purpose under the FCRA for accessing and using the consumer report.

246. CAPONE did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

247. CAPONE violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

41

248. CAPONE violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

249. CAPONE knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

250. CAPONE wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

251. CAPONE, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

252. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

253. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

254. The Defendant is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

## COUNT  XXIV  – Violations of the Fair Credit Reporting Act (KNA)

255.  Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

256.  KNA obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

257.  As a prerequisite to obtaining Plaintiff's consumer report, KNA was required to certify to the credit reporting agency from which the report was obtained – that KNA had a permissible purpose under the FCRA for accessing and using the consumer report.

258.  KNA did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

259.  KNA violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

260.  KNA violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

261.  KNA knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

262.  KNA wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

263.  KNA, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

264.  The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

265.  As a direct and proximate cause of the above-alleged actions and omissions of the Defendant,  Ms. Ballatore has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

266.  The Defendant is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

## **JURY DEMAND**

267.  Kristin  Ballatore demands a jury trial in this case.

## **REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court grant the following relief:

1.  *Assume jurisdiction over this case including all supplemental claims.*

2.  *Order rescission of the contract;*

3.  *Award actual damages.*

4.  *Award treble damages.*

5.  *Declaratory and injunctive relief as set forth herein.*

44

6.      *Award statutory and punitive damages.*

7.      *Award statutory costs and attorney fees.*


                                    Respectfully Submitted,

                                    ADAM G. TAUB & ASSOCIATES
                                    CONSUMER LAW GROUP, PLC

                                    By:     /s/ Adam G. Taub
                                            Adam G. Taub (P48703)
                                            Attorney for Kristin Ballatore
                                            17200 West 10 Mile Rd. Suite 200
                                            Southfield, MI 48075
                                            Phone:  (248) 746-3790
                                            Email:   adamgtaub@clgplc.net


Dated: October 30, 2020

45